## DAVIDSON v. WABASH R. CO.
### Civil Action No. 6577.

District Court, E. D. Michigan, S. D.
Sept. 20, 1947.

Elmer H. Groefsema, of Detroit, Mich., for plaintiff.

Walter A. Kleinert, of Detroit, Mich., and Louis E. Burke, of Ann Arbor, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact.

1. This is an action for recovery of damages for personal injuries sustained by plaintiff while a passenger on one of the defendant's passenger trains. The jurisdiction of the court is based upon diversity of citizenship. Defendant moved for a directed verdict of no cause of action at the close of all the evidence, in accordance with Federal Rules of Civil Procedure, rule 50, 28 U.S.C.A. following section 723c. This motion was not granted, and the matter was submitted to the jury. The jury returned a verdict in favor of plaintiff, and judgment was entered thereon. Within the

time provided for by this rule, defendant filed a motion to set aside the verdict and judgment and to enter a judgment of no cause of action.

2. The primary ground offered to support this motion for a judgment notwithstanding the verdict was that as a matter of law the relationship of carrier and passenger did not exist at the time the plaintiff was injured. This was the sole ground presented in the briefs and oral argument. The remaining claims set forth in the formal motion are clearly without merit and have apparently been abandoned.

3. According to the testimony of the plaintiff, he was in the Dearborn station, in the City of Chicago, Illinois, on November 2, 1945. This was his first visit to the station. He had been discharged from the U. S. Army on the previous day and was still dressed in his army uniform. He had a ticket for transportation on the Grand Trunk Railroad and intended taking one of its trains for Flint, Michigan, his home, at seven o'clock on that morning. He left the station and did not return in time for this train.

Plaintiff also testified that while waiting to get information as to a train for Detroit, after having been informed by some of the soldiers with whom he had been visiting that there was a Wabash train coming to Detroit, he heard the Wabash train announced, and he joined a group of men dressed in military uniform, passed through a gate with this group, and boarded one of the defendant's coaches which was entirely occupied by men dressed in military uniform. He did not have a ticket, but intended to pay his fare on the train, and had sufficient funds for that purpose.

Plaintiff further testified that after he got on the coach, he learned from one of the other men that the destination of the train was not Detroit. He then asked a trainman, who came through the coach in which he was seated, what he could do about his situation, and was told by this trainman that they would let him off at the next stop. At the time he received this information the train was in motion. He then decided to go forward to get information as to when the train would reach the stop where he would be permitted to get off. While in a vestibule of one of the coaches, the train lurched and he was thrown out of the coach through an open vestibule door and seriously injured.

4. There was a sharp conflict between the testimony of the plaintiff and the testimony of witnesses produced by the defendant. However, the defendant's trainmaster testified that he escorted the group of soldiers through the employees' gate and directed them to enter the coach that plaintiff occupied. In accordance with the usual practice, the soldiers were permitted to board the train without checking tickets at the gate sometime prior to the hour set for the train's departure. It was the usual practice for the officer in charge of a convoy of soldiers to deliver all of the tickets for the group to the conductor on the train.

5. The jury was instructed that before plaintiff could recover, he would have to establish that he was a passenger for hire and had been accepted as such by the defendant. The jury's attention was further challenged to this phase of the case by the submission of a special question requested by the defendant, which read as follows:

"Was Robert Davidson, plaintiff herein, on November 2, 1945, a passenger for hire on defendant's train No. 21, leaving Dearborn Station, Chicago, Illinois, at approximately 4.50 p. m. of that day?"

This question was answered in the affirmative and signed by each member of the jury.

### Conclusions of Law.

1. The defendant did not make a motion for a new trial, and the court was not called upon to exercise its discretion in this regard, as it would be required to do if such a motion had been made. Felton v. Spiro, 6 Cir., 78 F. 576.

2. The only question involved here is whether the case was one to be submitted to the jury. The fact that there was contradictory and conflicting evidence is of no concern in determining this motion. Jaggers v. Southeastern Greyhound Lines, 6

**418**

Cir., 126 F.2d 762; Illinois Cent. R. Co. v. Sigler, 6 Cir., 122 F.2d 279, 284.

3. In the language of the defendant's brief:

"The relationship of carrier and Passenger arises from a contract, express or implied. Todd, Admr'x, v. Louisville, etc. R. Co., 274 Ill. 201, 113 N.E. 95, L.R.A.1916F, 543. In order to establish such contract, proof of two things is necessary, an offer by the prospective passenger to be carried, and an acceptance of such offer by the carrier. Foote v. Chicago, etc. R. Co., 256 Ill.App. 581."

Where, as here, there is testimony that the plaintiff offered himself as a passenger with the intention of paying his fare, and had sufficient funds to do so, and an agent of the defendant carrier escorted him through the gates to a coach and had the opportunity to observe him boarding the train, and another agent of the defendant carrier observed him upon the train and advised him that he could remain upon the train until they reached the first stop, the question as to his being a passenger for hire was one for the jury under proper instructions.

4. There was sufficient evidence to sustain a finding by the jury that the plaintiff was lawfully upon the defendant's train, although prior to the time he was injured he had not paid his fare and had not had an opportunity to do so. 10 Am.Jur. 43, Sec. 986; 13 C.J.S., Carriers, § 559, p. 1068; The New World v. King, 16 How. 469, 14 L.Ed. 1019; Ohio & Mississippi R. Co. v. Muhling, 30 Ill. 9, 81 Am.Dec. 336.

5. The plaintiff was a passenger on defendant's train notwithstanding the fact that he had by his own mistake boarded a train which would not transport him to his intended destination. 10 Am.Jur. 47, Sec. 992.

6. It therefore follows that the motion for directed verdict was properly overruled and the defendant's motion to have the verdict and judgment set aside and have a judgment entered in accordance with the motion for the directed verdict must be overruled, and order to this effect is being entered simultaneously herewith.